the inadvertent misapplication of legal principles; and under all the authorities his mistaken view of the law, if he was mistaken, resulted in an erroneous judgment, as to which the plaintiff's remedy was by appeal and not by motion in the cause.

This view of the case relieves us of the necessity of deciding whether the answer sets up a counterclaim in the nature of a cross-action to remove a cloud from the defendant's title and whether the clerk's first judgment was free from error. *McLamb v. McPhail,* 126 N. C., 218, 221; *Turner v. Livestock Co.,* 179 N. C., 457; C. S., 1743. The judgment is

Affirmed.

---

## THE FARMERS' CO-OPERATIVE FERTILIZER COMPANY, INC., v. EASTERN COTTON OIL COMPANY.

(Filed 17 February, 1926.)

APPEAL by defendant from *Grady, J.;* judgment signed out of term and out of county by consent of both parties—from PERQUIMANS.

Civil action to recover damage suffered by plaintiff on account of defendant's alleged breach of contract to deliver a certain quantity of cotton-seed meal, as per agreement between the parties.

From a judgment in favor of plaintiff for $325.00, with interest from 15 October, 1915, and costs, the defendant appeals, assigning errors.

*Ehringhaus & Hall for plaintiff.*
*Whedbee & Whedbee for defendant.*

PER CURIAM. It appearing from a perusal of the record that the case has been heard and determined without error, the judgment in favor of plaintiff will be upheld.

No error.

---

## FRED L. POTTS v. CARTER-COBB MOTOR COMPANY.

(Filed 3 March, 1926.)

APPEAL by defendant from *Bond, J.,* and a jury, at October Term, 1925, of CRAVEN. No error.

Civil action to recover damages. The issues submitted to the jury and their answers thereto, were as follows:

"1. Was the Apperson car destroyed by fire after defendant had received possession of it under the contract sued on? Answer: Yes.

"2. Was said fire caused by the negligence of said Cobb Motor Company? Answer: Yes.

"3. What damage is plaintiff entitled to recover from defendant? Answer: $356.00."

There was a judgment rendered on the verdict. Defendant excepted and assigned error. In the record there are six assignments of error made by defendant.

*D. L. Ward for plaintiff.*
*Moore & Dunn for defendant.*

PER CURIAM. We have examined the six assignments of error with care and can find no error in law. The jury has found the facts for plaintiff.

In the judgment there is

No error.

---

### C. B. MOORE v. H. C. HOWER LUMBER COMPANY.

(Filed 3 March, 1926.)

APPEAL by defendant from *Devin, J.,* at August Term, 1925, of CHATHAM.

Civil action tried upon the following issue:

"1. Are the defendants indebted to the plaintiff; and if so, in what sum? Answer: $200."

From a judgment on the verdict in favor of plaintiff, the defendant appeals, assigning errors.

*Long & Bell for plaintiff.*
*A. C. Ray for defendant.*

PER CURIAM. The plaintiff alleges that he sold the defendant a carload of lumber in 1924. This action is to recover the purchase price of said lumber.

The defendant's chief assignment of error, or the one most strongly urged on the argument and in its brief, is based on the exception addressed to the refusal of the court to grant the defendant's motion for judgment as of nonsuit, made first at the close of the plaintiff's evidence and renewed at the close of all the evidence.

The testimony of the plaintiff fully justifies the verdict. Its credibility was for the jury. *Shell v. Roseman,* 155 N. C., 90; *In re Fuller,* 189 N. C., p. 512.

No error.